Filed 7/16/21  P. v. Roessler CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C090009 |
| Plaintiff and Respondent, | (Super. Ct. Nos. MANCRFE20130001315, MF036585B) |
| v. | |
| MICHAEL LEE ROESSLER, | |
| Defendant and Appellant. | |

The trial court denied defendant Michael Lee Roessler's request to strike a firearm enhancement under Penal Code section 12022.53.[1]  Defendant appeals that denial, arguing the court failed to consider whether it should reduce, rather than strike, the enhancement.  We will affirm the judgment.

---

[1]    Undesignated statutory references are to the Penal Code.

1

BACKGROUND

Defendant shot and killed the victim following an extended dispute that began at a bar and concluded in front of the victim's home. (*People v. Roessler* (May 15, 2018, C078697) [nonpub. opn.].) He was convicted of second degree murder. (§ 187.) The jury also found true allegations he intentionally and personally discharged a firearm causing death (§ 12022.53, subd. (d)), used a firearm (§ 12022.5, subd. (a)), and was armed with a firearm (§ 12022, subd. (a)). On appeal, we affirmed the judgment but remanded the case to allow defendant to place additional information on the record that might later be relevant to future youth offender parole hearings and so the trial court could consider whether to exercise its discretion under Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682) to strike the section 12022.53, subdivision (d) firearm enhancement. (*Roessler, supra*, C078697.)

The trial court held a hearing following the remand. Defendant argued the court should consider his intoxication at the time of the murder, the actions of other individuals in the dispute that preceded the shooting, and the sincere remorse defendant had shown as mitigating factors. The prosecution responded that defendant's actions were not impulsive, the crime did not involve a complex set of facts, and the evidence clearly established defendant had personally used a firearm to murder the victim.

The court considered the evidence of defendant's intoxication, but concluded defendant was not "grossly intoxicated." The court then considered the facts of the case, saying: "Mr. Oliver provided the firearms. But this was a request to get firearms . . . . So this was done over a period of time before the incident. To me, that indicates there was significant premeditation. There was some sort of an incident at a bar a few hours before the killing involving the decedent and members of the Defendant's side. It was just a foolish incident. There was no deadly force. It was words and bad feelings.

"Certainly nothing to justify the use of deadly force. No reason to have deadly force. And as far as I could tell, at the time of that incident at the bar when the problem

2

arose, no one had a deadly weapon. And nothing happened. But then the Defendant decided that it would be a good idea to arm himself with a deadly [] firearm. And then the Defendant, Mr. Oliver, drove their motorcycles to the decedent's house and then shot the decedent to death. [¶] Also, Mr. Oliver was shot by the Defendant accidentally. But at the time, the decedent was posing no risk to the Defendant. He was unarmed. It was in front of his house. There was no reason for this. And I just don't see any basis to say the use of a firearm should be stayed. So I'm going to deny that. Also, keeping in mind it was a negative probation report. But I will deny the motion to stay the 25 years to life sentence for use of a firearm."

## DISCUSSION

Defendant contends the trial court did not understand that it had the ability to reduce his firearm enhancement, rather than strike it wholesale, and thus could not have exercised informed discretion, as it was required to do. In support of his argument, defendant points to *People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*), a decision from the First District Court of Appeal, which held that a court exercising its discretion to strike an enhancement under section 1385 can instead opt to impose a lesser enhancement in the interests of justice. Defendant briefly notes that *People v. Tirado* (2019) 38 Cal.App.5th 637, review granted November 13, 2019, S257658 (*Tirado*), a decision from the Fifth District Court of Appeal, and *People v. Yanez* (2020) 44 Cal.App.5th 452, review granted April 22, 2020, S260819, from the Fourth District Court of Appeal, have taken a contrary position, but urges us to adopt the *Morrison* approach. We agree with *Tirado* and *Yanez*, and decline defendant's invitation.

" 'Section 12022.53 sets forth the following escalating additional and consecutive penalties, beyond that imposed for the substantive crime, for use of a firearm in the commission of specified felonies, including . . . murder: a 10-year prison term for personal use of a firearm, even if the weapon is not operable or loaded (*id.*, subd. (b)); a 20-year term if the defendant "personally and intentionally discharges a firearm" (*id.*,

3

subd. (c)); and a 25-year-to-life term if the intentional discharge of the firearm causes "great bodily injury" or "death, to any person other than an accomplice" (*id.*, subd. (d)). For these enhancements to apply, the requisite facts must be alleged in the information or indictment, and the defendant must admit those facts or the trier of fact must find them to be true.' [Citation.] Section 12022.53, subdivision (f) provides, 'Only one additional term of imprisonment under this section shall be imposed per person for each crime. If more than one enhancement per person is found true under this section, the court shall impose upon that person the enhancement that provides the longest term of imprisonment . . . .' " (*Morrison, supra*, 34 Cal.App.5th at p. 221.) Under section 12022.53, subdivision (h), " 'The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, *strike or dismiss an enhancement* otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law.' " (*Morrison,* at pp. 221-222, italics added.)

In *Morrison*, as in this case, the jury found true an enhancement allegation under section 12022.53, subdivision (d). (*Morrison, supra*, 34 Cal.App.5th at p. 221.) The trial court declined to strike the enhancement, and defendant argued on appeal that "the court did not understand the scope of its discretion," in that it "had the discretion to modify the enhancement from that established by section 12022.53, subdivision (d), which carries a term of 25 years to life, to a 'lesser included' enhancement under section 12022.53, subdivision (b) or (c), which carry lesser terms of 10 years or 20 years, respectively." (*Ibid.*) The First District Court of Appeal agreed, based, in part, on cases that concluded courts "may impose a 'lesser included' enhancement that was not charged in the information when a greater enhancement found true by the trier of fact is either legally inapplicable or unsupported by sufficient evidence." (*Id.* at p. 222.) *Morrison* also relied on an oblique reference by our Supreme Court to the "wide range of sentencing choices"

4

available to a trial court using section 1385 to strike a sentence enhancement in *People v. Marsh* (1984) 36 Cal.3d 134, 144 (*Marsh*). (*Morrison,* at p. 223.)

Following *Morrison*, however, the Fifth District Court of Appeal in *Tirado, supra*, 38 Cal.App.5th 637, review granted, the Fourth District Court of Appeal in *People v. Yanez, supra*, 44 Cal.App.5th 452, review granted, and the Second District Court of Appeal in *People v. Garcia* (2020) 46 Cal.App.5th 786, review granted June 10, 2020, S261772, have issued opinions concluding that trial courts only have authority to strike or dismiss a section 12022.53 enhancement, rather than modify it.

We find *Tirado* and its concurring cases more persuasive. The plain language of both statutes at issue, sections 1385 and 12022.53, subdivision (h) permit a court to "strike" or "dismiss" the enhancement, but neither statute "conveys the power to change, modify, or substitute a charge or enhancement." (*Tirado, supra*, 38 Cal.App.5th. at p. 643, rev. granted.) Other statutes that permit such modification explicitly state so. (See, e.g., §§ 1260 ["The court may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed . . . ."], 1181 ["the court may modify the verdict, finding or judgment accordingly"]; *Tirado,* at p. 643.)

Moreover, the case law *Morrison* cites to justify the proposition that a "court may impose a 'lesser included' enhancement that was not charged in the information when a greater enhancement found true by the trier of fact is either legally inapplicable or unsupported by sufficient evidence" did not rely on section 1385 and was thus not restricted by section 1385's language. (*Morrison, supra*, 34 Cal.App.5th at p. 222.) And, those cases only imposed the lesser included enhancements when the greater enhancement was found legally inapplicable or supported by insufficient evidence; they do not stand for the proposition that a court may "substitute a perfectly valid greater enhancement for a lesser included enhancement." (*People v. Garcia, supra*, 46 Cal.App.5th at p. 793, rev. granted.)

5

Nor do we view *Marsh* as supportive of the *Morrison* court's position.  In *Marsh*, our Supreme Court considered a situation with two sentence enhancement allegations and noted that section 1385 provided a "wide range of sentencing choices" other than striking or declining to strike both allegations.  (*Marsh, supra*, 36 Cal.3d at p. 144.)  But this statement does not mean that a trial court could modify, rather than strike, the enhancement allegations.  Rather, it is describing a situation where the trial court could choose to strike one of the two enhancements it was considering but leave the other intact.  (*Ibid.*)

Here, the prosecution charged a sentence enhancement allegation under section 12022.53, subdivision (d), and the jury found that allegation true.  Neither party contends the true finding is legally inapplicable nor supported by insufficient evidence.  The trial court did not have the ability to modify the enhancement, and we thus conclude that the court properly understood the scope of its discretion when it declined to strike defendant's section 12022.53, subdivision (d) enhancement.

## DISPOSITION

The judgment is affirmed.


_____/s/_____
BLEASE, Acting P. J.


We concur:



_____/s/_____
HOCH, J.



_____/s/_____
KRAUSE, J.


6